NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ANGELICA BEJARANO,
*Petitioner/Appellant*,

v.

SERGIO ORTIZ GARCIA,
*Respondent/Appellee*.

No. 1 CA-CV 19-0774 FC

FILED 10-20-2020

Appeal from the Superior Court in Maricopa County
No. FC2019-000757
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED**

COUNSEL

Michael E. Hurley Attorney at Law, Phoenix
By Michael E. Hurley
*Counsel for Petitioner/Appellant*

Sergio Ortiz Garcia, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         Angelica Bejarano ("Wife") appeals the superior court's dissolution decree.  We affirm in part, reverse in part and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Wife married Sergio Ortiz Garcia ("Husband") in 2013.  Five years earlier, she bought a house while the two were in a relationship.  No down payment was made or required.  Wife held title to the house in her name alone.  Before and during the marriage, however, Husband and Wife made equal payments on the mortgage.  The record and decision are unclear on whether these payments came from their community or separate assets.

**¶3**         Wife petitioned to dissolve the marriage in January 2019.  The parties disputed the issue of who owned the house.  The superior court held an evidentiary hearing at which the parties testified and offered exhibits.  In the October 2019 dissolution decree, the court found that (1) Wife owned the house as her sole and separate property, but (2) the "home was purchased by the parties" and "[t]he parties purchased the home with the intent it would be their family residence together." The court thus awarded Husband, individually, an "equitable interest" of one-half the house's value, minus Wife's post-petition mortgage payments, for $66,792.58.  The court then entered judgment against Wife, individually, directing her to promptly "pay [Husband] this Judgment."  Wife appealed.  We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

### DISCUSSION

**¶4**         We review the division of community property for an abuse of discretion.  *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). An abuse of discretion occurs when no evidence supports the court's decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

**¶5**　　　　Wife argues the superior court erroneously awarded fifty percent of the house's value to Husband because it had earlier commented from the bench that Husband's pre-marriage mortgage payments were "rent" and "would not be considered as a contribution by Husband toward the mortgage." We agree the superior court erred, but not because of any reflexive, color commentary from the bench. *See United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 308 (App. 1983) ("A trial judge's ruminations on the record . . . are an insufficient ground on appeal to set aside the judgment entered in the trial court where there is sufficient evidence in the record to support the findings of fact and the judgment.").

**¶6**　　　　Unlike community property, the court has no authority to equitably divide the separate property of one spouse. *See* A.R.S. § 25-318(A). The superior court found that Wife owned the house as her sole and separate property, the proper conclusion given the title documents.[1] The record has no evidence of an agreement to change ownership. *Sommerfield v. Sommerfield*, 121 Ariz. 575, 578 (1979) ("Once fixed, the property retains its character as separate or community until changed by agreement of the parties or by operation of law."). The house therefore remained Wife's sole and separate property at dissolution.

**¶7**　　　　At most, the community may have an equitable lien if Husband proves the community made mortgage payments on Wife's separate property. *See Drahos v. Rens*, 149 Ariz. 248, 249-51 (App. 1985). We therefore affirm the superior court's finding that the house is Wife's separate property, vacate the equal division of ownership in the house, and remand for the court to determine whether the community should receive an equitable lien on the house. *See In re Marriage of Pownall*, 197 Ariz. 577, 582, ¶ 22 (App. 2000).

**¶8**　　　　Wife also argues the court "abused its discretion by granting judgment in favor of Husband against Wife personally, with a deadline for Wife to pay Husband by a certain date." Given we are vacating that judgment and remanding, Wife may raise this argument for the superior court to consider and decide in the first instance.

---

[1]　　　Although the court stated the "home was purchased by the parties" and "[t]he parties purchased the home with the intent it would be their family residence together," it still reached the proper conclusion because the house's character does not depend on subjective intent and the record showed no valid agreement to jointly purchase. *Porter v. Porter*, 67 Ariz. 273, 281 (1948).

¶9        Lastly, we do not have jurisdiction to adjudicate Husband's claim about Wife disobeying the superior court's decree. *See* A.R.S. § 12-2101.

## CONCLUSION

¶10        We affirm the dissolution decree in part, reverse in part and remand for further proceedings consistent with this decision.  In our discretion, we decline Wife's request for attorney fees.

